United States District Court
District of Connecticut
FILED AT BRIDGEPORT
3/26/14 20
Roberta D. Tabora, Clerk
By [signature] Deputy Clerk

United States District Court
for the
District of Connecticut

Lisa A. Biron,
Petitioner

v.

Case No.: 3:14cv385(VLB)

FCI Danbury
Warden Maureen Baird,
Respondant

Petition for Writ of Habeas Corpus under 28 USC§ 2241

Now comes Lisa Biron, pro se, and requests this Court grant her Petition and states in support as follows.

1. On the relevant dates of the disciplinary proceedings at issue, Petitioner was incarcerated at FCI Danbury, Connecticut.

2. While in the process of typing this petition, petitioner was transfered to the Special Housing Unit at MDC-Brooklyn, NY.

3. Petitioner just learned that the FBOP plans to transfer her to a prison in the Mid-west. All of her property including her legal papers are allegedly being



forwarded to Waseca. She now writes this petition from memory to the best of her ability. The exact dates will be filled in through a ~~pet~~ motion to amend once she is given access to her legal property.

4. This petition is to challenge 2 Disciplinary actions against her resulting in sanctions and the loss of good time credits.

5. One DHO Hearing occurred on or about November 20, 2013. The other occurred on February 19, 2014. Both of these actions resulted in First Amendmend violations and were a result of retaliation against her for her involvement in the report of an officer on inmate assault. She does not bring that claim here, but challenges the DHO actions. A Bivens claim is to follow.

6. Neither DHO action has made it through the administrative remedy process because the FBOP has acted in bad faith in rejecting her appeals for invalid reasons.

7. The February 19, 2014 appeal was returned by Regional and stated as its reason "write appeal in English." The appeal was typed in proper English.

8. The Rejection also stated to include copies of the DHO reports with the appeal when this is not required under the administrative remedy procedures. The incident report numbers were clearly identified on the BP10 and the extra page.

9. Regardless, the Petitioner immediately re-mailed the appeal to Regional with the 2 DHO Reports that were the subject of the February ~~20~~ 19, 2014 DHO Hearing; the appeal was remailed on March 4, 2014. The Petitioner was transferred to MDC-Brooklyn on March 5, 2014.

10. On information and belief this February DHO Report appeal has again been rejected for an invalid reason. Petitioner has not received this paperwork as it was likely sent to Danbury FCI who has not forwarded it, or answered requests from MDC-Brooklyn.

11. The November 20, 2013 DHO Report has been similarly dealt with by the FBOP in bad faith through the administrative appeal process

12. The Petitioner promptly appealled the November 20th finding. The response by Regional was due by January

4, 2014. Regional did not respond by its deadline and did not grant itself an extension as required under CFR 540 by notifying the petitioner in writing.

13. Therefore, Petitioner treated this lack of response as a denial and appealled to Central. She included copies of her argument to Regional which appealled the DHO's finding that she committed a Code 196 for violating a no-contact order for mailing a letter to her Power of Attorney requesting he email her daughter, R.B. (there is not a no-contact order barring contact with R.B.) This appeal to Central was mailed on or about January 10, 2014. As stated above, all of petitioners legal papers have been packed and not returned to her. The dates are from memory.

14. Shortly after Petitioner appealed to Central, petitioner received Regional's untimely response. Said response overturned the Code 196 (no-contact order) violation and changed the conviction to a Code 296 - a completely different charge. This Response was stamped received on Jan. 21, 2014 but was dated as signed on Jan. 3, 2014
15. Therefore petitioner sent an addendum to her appeal to Central because her original

argument to Central regarding the non-existent no-contact order was made irrelevant when Regional changed her conviction at the appellate level. The addendum was dated and mailed on or about January 24, 2014

16. Shortly after this addendum to Central was mailed, which included copies of the untimely Regional response and BP 10, Petitioner received a Rejection notice from Central. This Rejection notice from Central, rejected the January 7, 2014 appeal, which Petitioner had sent because Regional had not timely responded. The Rejection reason stated the appeal to Central was rejected because Petitioner had not included a copy of Regional's response with her appeal. (CFR 540.18 allows a lack of response to be treated as a denial at that level).

17. Therefore, Petitioner sent copies of the untimely response from Regional, with the BP 10 and the new argument from the addendum to Central.

18. Central now has 2 copies of Petitioner's appeal and has not acknowledged receipt of either.

19. On or about March 3, 2014, Petitioner sent a

letter to Central requesting an acceptance receipt for her appeal. Petitioner has not received any response.

20. Petitioner has followed adequately all administrative procedures and has met with bad faith rejections of her appeals. The merits are therefore ripe for this court's review.

The November 20, 2013 DHO Disciplinary Action

21. On October 21, 2013 (less than 24 hrs after questioning SIS's lack of response in dealing with an officer on inmate assault) Petitioner was put in the SHU (Special Housing Unit) under investigation for use of the mail for an illegal purpose (code 196)

22. On November 20, 2013, Petitioner was found guilty by DHO Ryan of a Code 196 violation. Petitioner Had mailed a letter to her Power of Attorney requesting that he email her daughter, R.B..

23. DHO Ryan had wrongfully found that a magistrate's pre-trial oral statement to an already detained defendant was a no-contact order and that this "order" was somehow still in effect after sentencing. He further erroneously found

that discretionary contact language from a State family court's Review Hearing Order was a no-contact order. Petitioner's defense at the hearing was that no no-contact order exists.

24. Petitioner was sentenced to 40 days loss of good time credits, 180 days loss of phone and email and 180 days loss of visits and 30 days in disciplinary segregation in the SHU

25. As stated above, Petitioner appealed to Regional, again explaining that there is not a no-contact order and that Petitioner did nothing illegal with the mail and did not commit a 196 code violation.

26. Regional's untimely response overturned the Code 196, credited back 13 good time credits and left the remaining sanctions unchanged.

27. Regional's response change Petitioner's conviction to a Code 296 - circumvention of mail monitoring procedures. Regional, at the appellate review level, found facts to support this charge claiming Petitioner attempted to hide the fact she was attempting to email R.B. by calling her "cousin Erin." (this was a private joke between




Petitioner and her P.O.A. and was not an attempt to hide her daughter's identity. This was obvious by the fact she referred to R.B.'s schools by name, referred to the family dog by name, and signed the message "Love Mommy.")

28. By changing the charge against the Petitioner from a Code 196 to a Code 296 at the Regional level, the Respondant violated the Petitioner's due process rights.

29. Wolff v. McDonnell requires certain due process protections be afforded to inmates in a disciplinary proceeding. Among these protections are the requirement of 24 hour notice (at least) of the disciplinary charges in advance of the DHO Hearing. This is so the disciplinary-defendant can marshal the facts and evidence and present a defense.

30. In the present case, at the DHO Hearing, Petitioner spent the entire Hearing defending against a Code 196. Petitioner's whole defense was focused on attempting to explain what a no-contact order is and is not and that

none existed here.

31 Wherefore Petitioner was severely prejudiced when she was charged with a new and very different Charge months after the hearing at the Regional level.

32. Petitioner had no notice and no opportunity to defend against a code 296-circumvention charge and her due process rights were violated.

33. Petitioner request this Court expunge the November 20, 2013 DHO Report and overturn her sanctions.

The February 19, 2014 DHO Disciplinary Action

34. On or about January 29, 2014, after receiving Regional's response overturning the Code 196 no-contact violation, petitioner addressed (with a FBOP approved mailing label) and mailed a letter to R.B.

35. On or about January 31, 2014 Petitioner was given another code 196 incident report for allegedly violating a no-contact order.

36. On or about February 3, 2014 the Petitioner notified the upper administration (including West Unit Manager, Mr. Shamro) that in writing that the institution was violating her Constitutional rights by continuing to intercept her mail to R.B.

37. In this notification she advised the institution's administration that she would once again attempt to mail another letter to R.B.

38. After this notification, Petitioner mailed an appropriately labeled (with a Trulincs BOP label) piece of mail addressed to R.B.

39. Also on this properly addressed envelope, Petitioner placed a yellow post-It note on the front. The note requested that the mailroom staff notify SIS that the letter was being mailed.

40. On or about February 7, 2014 petitioner was Charged with a code 296 violation - circumvention of mail monitoring procedures for this publicly mailed letter.

41. On February 19, 2014 a DHO Hearing was

held on the 196 code violation allegation of January 31, 2014 and the 296 code violation allegation of February 7, 2014.

42. Presiding over the hearing as DHO was Petitioners Unit Manager, Mr. Shamro.

43. Mr. Shamro and Petitioner had debated the existence of a no-contact order since June 2013.

44. Petitioner provided a written Objection to Biased DHO Shamro at the hearing. The Objection included an email exhibit. The emails were from September 2013 and were between Petitioner and DHO Shamro debating the existence or non-existance of a no-contact order.

45. Petitioner also submitted a written defense of the code 196 (illegal mail) and code 296 (circumvention of mail monitoring procedures).

46. Ms. Shackro was present and witnessed the entire hearing and aftermath.

47. Petitioner was found guilty of the 196 code violation despite the non-existence of a no-contact order.

48. DHO Shamro, when addressing the code 296, stated "This was not circumvention" and instead changed the charge to another Code 196 violation and found the petitioner guilty.

49. In summary of this hearing: Petitioner was found guilty of two (2) code 196 violations.

50. Petitioner was sentenced to 60 days in the SHU (2 x 30 days); loss of 54 goodtime credits (2 x 27 days); loss of 360 days commissary (2 x 180 days); and loss of 360 days visitation (2 x 180 days).

51. When Petitioner received the written DHO findings she learned that, outside of her presence, DHO Shamro had changed the two (2) 196s to two (2) 296s.

52. Petitioner's due process rights were violated because she did not have notice and an opportunity to defend against the 296



circumvention charges. DHO Shamro ensured that when he stated "This was not circumvention," then waited until Petitioner was taken to the SHU to change the charges. This prejudiced the petitioner in her defense.

53. Further, circumvention of mail monitoring is defined as "to get around, especially by trickery, the prison's ability to monitor who is being mailed.

54. Both of Petitioner's mailings to R.B. were clearly addressed to R.B. and the entire administration was on notice of the second mailing.

55. DHO Shamro was correct in his original finding that this was not circumvention.

56. Wherefore Petitioner requests this Honorable Court grant the Writ and overturn and expunge her record from the February 19, 2014 Hearing and restore her good time.

57. Petitioner requests this Court hault the FBOP's plan to transfer her out of the Second



~~District~~ Circuit while this Petition is before this Court and to grant such other relief as is just and equitable.

Respect-fully Submitted by,

Lisa Biron

Lisa Biron 12775-049
MDC-Brooklyn
P.O. Box 329002
Brooklyn, NY 11232

I, Lisa Biron, do swear and affirm under penalty of perjury that the foregoing is true to the best of my knowledge and ability.

3/13/14 Lisa Biron

Petitioner requested FCI Danbury (on 3/4/14) forward a check for $5.00 to this court out of her inmate account. This motion was placed this date in the inmate mail system.

Lisa Biron